IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFFORD BREWSTER,

                    Plaintiff,

vs.                                        Case No. 20-3172-SAC

U.S. MARSHAL JOHN DOE 1, et al.,

                    Defendants.


**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration at the CoreCivic detention facility in Leavenworth, Kansas.  He has been granted in forma pauperis status. Doc. No. 4.  This case is before the court upon plaintiff's amended complaint (Doc. No. 9) which he asserts is a civil rights complaint pursuant to 28 U.S.C. § 1331.  This case is before the court for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915(e)(1) provides that the court shall dismiss a case filed in forma pauperis at any time if the court determines that the action fails to state a claim on which relief may be granted.  Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee

1

to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id.

The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

II. Amended complaint

The amended complaint indicates that it is a "civil rights complaint" brought pursuant to 28 U.S.C. § 1331 which is the federal jurisdictional provision for cases alleging a violation of federal law or the Constitution. Plaintiff appears to be a federal inmate currently housed in a federal prison. He alleges that on July 21, 2019 he was confined at a CoreCivic facility in Leavenworth, Kansas. At 3:30 a.m., correctional officers demanded

3

that a cellmate named Williams step outside plaintiff's cell.  When Williams refused to exit, mace and chemical balls were shot into the cell.  Plaintiff alleges this caused significant discomfort and injury to plaintiff and other inmates in the cell who were not extracted for many minutes until Williams finally complied with the exit order.  Plaintiff further alleges that medical care was not administered until one to two hours after the incident.

Plaintiff alleges:  unreasonable seizure in violation of the Fourth Amendment; cruel and unusual punishment and corporal punishment in violation of the Eighth Amendment; and a violation of plaintiff's right to substantive due process.  Plaintiff names as defendants three supervisory officials - U.S. Marshal John Doe 1; Warden Thomas; and Chief Rice.  He also names several other defendants who are alleged to have directly participated in the incident - Captain Kraft; Lieutenant John Doe 2; Correctional Officer Reyes; Correctional Officer John Doe 3; Correctional Officer Lawson; Correctional Officer Wrightflin; Correctional Officer Kidd; Correctional Officer Jane Doe; and John Does 4-20, who are described as officers and staff members.

III. The amended complaint fails to state a claim.

The United States Supreme Court has held that there is no implied right of action for the violation of the Constitution against employees of a private prison such as the CoreCivic

4

facility described in the amended complaint.  Minneci v. Pollard,
565 U.S. 118, 120-21 (2012).  The Court stated:

> [W]here . . . a federal prisoner seeks damages from
> privately employed personnel working at a privately
> operated federal prison, where the conduct allegedly
> amounts to a violation of the Eighth Amendment, and where
> that conduct is of a kind that typically falls within
> the scope of traditional state tort law (such as the
> conduct involving improper medical care at issue here),
> the prisoner must seek a remedy under state tort law.
> We cannot imply a Bivens remedy in such a case.

Id. at 131.  As this court recently stated in Flemming v. Baker,
2020 WL 3490360 *4 (D.Kan. 6/26/2020):  "Plaintiff's remedy against
CoreCivic and its employees, if any, is an action in state court
for negligence or other misconduct."[1]  Many other cases have held
similarly.  E.g., Crosby v. Martin, 502 Fed.Appx. 733, 735 (10th
Cir. 2012)(involving claim by inmate that he was sprayed with
chemicals for no reason); Burns v. Corrections Corporation of
America, 2020 WL 2557841 *3-4 (D.Kan. 5/20/2020); Wills v. Baker,
2020 WL 869478 *2-3 (D.Kan. 2/21/2020); Harris v. Correction
Corporation of America Leavenworth Detention Center, 2016 WL
6164208 *3 (D.Kan. 10/24/2016).

Plaintiff names a United States Marshal "John Doe 1" as a
defendant.  He is a federal officer, not an employee of a private
corporation.  Plaintiff, however, fails to allege facts describing
a plausible claim for relief against this defendant.  An essential

---

[1] The amended complaint does not assert diversity jurisdiction under 28 U.S.C.
§ 1332 or assert grounds supporting diversity jurisdiction for this court to
hear a state law claim.

element of a civil rights claim against an individual is that person's direct personal responsibility for the acts or inactions upon which the complaint is based. Keith v. Koerner, 843 F.3d 833, 837-38 (10th Cir. 2016); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). There is no respondeat superior liability. Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014). As the court has already noted at pp. 2-3 of this order, conclusory allegations of involvement are not sufficient.

Here, plaintiff alleges that U.S. Marshal John Doe 1 was charged by his office to assure that the day-to-day operations at the CoreCivic facility complied with federal regulations and did not violate plaintiff's rights. Doc. No. 9, p. 2. He further alleges that the defendant acknowledged that the incident was mishandled and that additional training would be conducted to properly address such situations. Id. at p. 10.

Thus, plaintiff is alleging supervisory liability. This requires more than knowledge of a subordinate's conduct. Gomez, 745 F.3d at 435. Supervisory liability is established with facts describing personal involvement, causation and state of mind. Id. quoting, Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013)). Plaintiff's allegations are not sufficient to show that the defendant U.S. Marshal was personally involved in the alleged misconduct; that he caused the misconduct; or that he acted with the requisite state of mind. Therefore,

6

plaintiff has not properly alleged a claim for relief against the U.S. Marshal.  See <u>Hill v. Corrections Corporation of America</u>, 685 Fed.Appx. 665, 669 (10th Cir. 2017)(labelling defendant as "captain of the ship" is not sufficient to establish claim of supervisory liability); <u>Burke v. New Mexico</u>, 696 Fed.Appx. 325, 330-31 (10th Cir. 2017)(affirming dismissal of equal protection and discrimination claims against head of state agency where plaintiff alleged she was discriminated against as an employee); <u>Menteer v. Applebee</u>, 196 Fed.Appx. 624, 627 (10th Cir. 2006)(affirming dismissal of "Bivens claim against U.S. Attorney General and U.S. Marshal in their individual capacities for failure to allege personal participation or actual knowledge and acquiescence").

IV. <u>Conclusion</u>

For the above-stated reasons, the court believes that the amended complaint fails to state a plausible federal claim for relief.  The court shall direct that plaintiff by September 2, 2020 show cause why the amended complaint should not be dismissed. In the alternative, plaintiff may file a second amended complaint by September 2, 2020 which corrects the deficiencies discussed herein.  A second amended complaint would supersede the amended complaint and must contain all of the claims upon which plaintiff wishes to proceed.  A second amended complaint should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 6th day of August 2020, at Topeka, Kansas.


                         s/Sam A. Crow_____
                         U.S. District Senior Judge